**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BRADEN VAUGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 26-CV-00509-JFH-CDL** |
| | ) | **BASE FILE** |
| **v.** | ) | |
| | ) | |
| **PEPSICO, INC., et al.,** | ) | **Consolidated with:** |
| | ) | **Case No. 26-cv-00510-JDR-MTS** |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Before the Court is Defendants' Motion to Consolidate Case No. 4:26-CV-00510-JDR-MTS With This Action (Doc. 4) (the "Motion"). Defendants seek consolidation of this case with *Braden Vaught v. PepsiCo, Inc.*, et al., Case No. 26-cv-00510-JDR-MTS, pursuant to Fed. R. Civ. P. 42(a). Plaintiff filed a timely response opposing the Motion (Doc. 10), and Defendants filed a reply in further support thereof (Doc. 20).[1] The Motion is properly before the undersigned Magistrate Judge and is ripe for determination.[2]

---

[1] Plaintiff's Motion for Leave to File a Replacement Response in Opposition to Defendants' Motion to Consolidate (Doc. 38) is denied. Plaintiff has not cited any basis to find good cause for belatedly amending his response, indicated whether Defendants have been consulted and their position on his motion to amend his response, or cited any authority for supplanting his original response. Nonetheless, the Court has reviewed Plaintiff's proposed amended response and considered all arguments asserted therein.

[2] Pursuant to the Referral Order entered by the District Court (*see* Doc. 12), the undersigned Magistrate Judge has the authority to rule on the request to consolidate, which is a non-dispositive motion. *See Carcaise v. Cemex, Inc.*, 217 F. Supp. 2d 603, 604 (W.D. Pa. 2002) (citing *Trafalgar Power, Inc. v. Aetna Life Ins. Co.,* 131 F.Supp.2d 341, 343 (N.D.N.Y. 2001) (motion for consolidation is one for "non-dispositive relief")); *see also*

## I. Background

Plaintiff filed a petition in Tulsa County District Court on July 22, 2026, naming Defendants PepsiCo, Inc. and PepsiCo Beverage Sales, LLC. *See* Case No. 4:26-cv-00510-JDR-MTS (the "Beverage Sales Action"), Doc. 2-1. Plaintiff's amended pleading alleges that he was employed between March and April of 2024. Plaintiff alleges he was terminated due to a purported failed drug test, even though Plaintiff maintains that he never submitted to a drug test. *Id*., Doc. 2-4 at 2.

Plaintiff filed the present case in Tulsa County District Court on August 4, 2026 against Defendant PepsiCo, Inc. and Rolling Frito-Lay Sales, L.P. (Doc. 2). Plaintiff's amended pleading states that, in October 2024, he "was rehired by Defendants" to work in PepsiCo's food division. Plaintiff alleges that he was subjected to retaliation for previously reporting what he believed to be violations of disability protection law. (Doc. 2-3 at 2). He alleges he was also subjected to other forms of "unequal treatment, payroll irregularities, interference with his ability to perform his job duties, and other adverse employment actions," leading to his termination in or around March 2025. *Id*. at 1.

The Defendants removed both this action and the Beverage Sales Action based on diversity jurisdiction on August 18, 2026. *See* Doc. 2; *Beverage Sales Action*, Doc. 2. Defendants filed the Motion to Consolidate pursuant to Fed. R. Civ. P. 42 in this proceeding, as provided in LCvR 42-1. *See* LCvR 42-1 ("A motion to consolidate shall be

---

*Katz v. Marex Grp. PLC*, 818 F. Supp. 3d 591 (S.D.N.Y. 2026); *Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632 (D. Nev. 2021); *Jackson v. Berkey*, No. 3:19-cv-06101-BHS-DWC, 2020 WL 1974247, at *2 n.2 (W.D. Wash. Apr. 24, 2020).

filed in the lowest numbered case included in the proposed consolidation, shall include a list identifying all cases pending that are related to the case, and shall be decided by the district judge to whom the lowest numbered case is assigned.”).

## II. Legal Standards

The Court has authority to consolidate actions pursuant to Rule 42, which states:

> If actions before the court involve common questions of law or fact, the court may (1) join for hearing or trial any and all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). “The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.” *Skaggs v. Level 3 Communications, Inc.,* No. 09–cv–200, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009) (quotations and internal citations omitted) (unpublished).[3] The issue of consolidation is committed to the sound discretion of the trial court. *See Gillette Motor Transp. v. N. Okla. Butane Co.*, 179 F.2d 711 (10th Cir. 1950); *Chimal v. Sledge,* No. 06–cv–02394, 2007 WL 1576346, at *1 (D. Colo. May 31, 2007) (unpublished)). Rule 42 “should be prudently employed as a valuable and important tool of judicial administration, involved to expedite trial and eliminate unnecessary repetition and confusion.’” *Bendzak v. Midland Nat’l Life Ins. Co.,* 240 F.R.D. 449, 450 (S.D. Iowa 2007) (quoting *Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999)). However,

---

[3] Under 10th Cir. R. 32.1(A), “[u]npublished decisions are not precedential, but may be cited for their persuasive value.”

"[c]onsolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.,* 135 F.3d 543, 551 (8th Cir. 1998).

Under the applicable Local Rules of this District, "[a]ny party may file a motion to consolidate two or more cases before a single judge if the party believes that such cases or matters: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason that would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges." LCvR42-1.

## III. Discussion

Defendants argue in the Motion that there are common questions of fact and law between the two cases at issue and that consolidation would prevent duplicative discovery and the risk of inconsistent rulings on similar motions. The Court agrees. Both actions involve Plaintiff's employment with a common Defendant, PepsiCo, Inc., during time periods beginning in 2024. In both proceedings, Plaintiff alleges that he was wrongfully terminated from employment and asserts claims of a similar nature. Further supporting consolidation, both cases are in an early stage procedurally, Plaintiff is proceeding pro se in both cases, and the same counsel represents all Defendants in both cases.

Plaintiff alleges that he worked in different positions for two different subsidiaries of PepsiCo, the claims in each action "arise from distinct employment-related events and/or circumstances that require separate factual analysis," and the underlying circumstances and evidence may not overlap. (Doc. 10 at 2). For example, Plaintiff notes that the two actions

involve employment in different time periods, and distinct factual circumstances leading to the termination of his employment. Plaintiff argues that the two actions may involve "different witnesses, documents, communications, employment records, and other evidence," and suggests that the parties may disagree "whether particular evidence relates to" the claims in either case. (Doc. 10 at 2-3).

However, the existence of disparate issues does not bar consolidation. *See* CHARLES A. WRIGHT, ARTHUR R. MILLER, ET AL., *Fed. Prac. & Proc.,* § 2384 (3d ed. 2008) ("[C]onsolidation is not barred simply because the plaintiffs may be relying on different legal theories or because there are some questions that are not common to all the actions; the critical considerations, as in other contexts of the Federal Rules, is whether there is at least one common question of law or fact to justify bringing the actions together."). Here, although each case may involve witnesses and evidence not relevant to the other case, it is clear there will be some overlap. Plaintiff's Amended Complaint in the present case explicitly ties his claims in this action to his earlier period of employment with PepsiCo. For instance, Plaintiff's amended pleading alleges that, after his re-hiring in October 2024, confusion and payroll issues arose because he was assigned the same employee ID number in both periods of employment.

Plaintiff expresses concern that consolidation is a "drastic" measure that could compromise his ability to proceed with his claims and generate disputes between the parties as to which facts relate to which claims. (Doc. 10 at 3). However, "consolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other." *Payne v. Tri-State Careflight,*

*LLC*, 327 F.R.D. 433, 450 (D.N.M. 2018); *see Hall v. Hall*, 584 U.S. 59, 76 (2018) (while courts may merge "one or many or all of the phases" of multiple actions, consolidation does not "deprive any party of any substantial rights which he may have possessed had the actions proceeded separately"; "actions do not lose their separate identity because of consolidation") (internal citations and quotation marks omitted). Thus, by consolidating cases the Court does not change the legal standing or identity of the parties to either case. Moreover, the Court may employ appropriate measures to ensure all parties' rights are preserved.

As set forth above, consolidation is warranted because the two cases involve common questions of fact and/or law, and consolidation will serve the interest of managing the consolidated cases expediently.

## IV. Conclusion

For the reasons set forth above, the Defendants' Motion to Consolidate (Doc. 4) is **granted**.

IT IS FURTHER ORDERED that:

1. This Order shall be filed in both Case No. 26-cv-00509-JFH-CDL and Case No. 26-cv-00510-JDR-MTS.
2. Case Nos. 26-cv-00509-JFH-CDL and 26-cv-00510-JDR-MTS are consolidated in their entirety. The Court Clerk is directed to reassign Case No. 26-cv-00510-JDR-MTS to the same presiding and referral judges overseeing 26-cv-00509-JFH-CDL.
3. Case No. 26-cv-00509-JFH-CDL is designated as the BASE FILE.

4. All further pleadings, motions and other documents shall be filed in the Base File only and shall bear both the title and designation of 26-cv-00509-JFH-CDL and 26-cv-00510-JFH-CDL. The words “Base File” shall be typed below Case 26-cv-00509 in the case number section of the case caption.

IT IS FURTHER ORDERED Plaintiff’s Motion for Leave to File a Replacement Response in Opposition to Defendants’ Motion to Consolidate (Doc. 38) is **denied**, as set forth *supra* n.1.

IT IS SO ORDERED this 12th day of November, 2026.

Christine D. Little
United States Magistrate Judge